JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-628 AG (MLGx) | Date | May 9, 2012 |
|---|---|---|---|
| Title | LANCE LOWENBERG, et al. v. WACHOVIA MORTGAGE, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**    [IN CHAMBERS] ORDER REMANDING CASE

Plaintiffs Lance Loewenberg and Tina Loewenberg (together, "Plaintiffs") filed this foreclosure-related action against Defendants Wachovia Mortgage FSB and Cal-Western Reconveyance Corporation (together, "Defendants") in March 2012 in Orange Country Superior Court.  Wachovia Mortgage, FSB is now part of Wells Fargo Bank, N.A. ("Wells Fargo").  Wells Fargo removed the action to this Court in April 2012.

In their Complaint, Plaintiffs assert six claims against Defendants, numbered as follows: (1) violations of California Business and Professions Code § 17200, (2) violations of California Civil Code § 2923.5, (3) "wrongful evaluation of Plaintiffs' for a [loan] modification pursuant to the Home Affordable Modification Program ("HAMP")," (4) "pursuit of foreclosure after promising Plaintiffs there would be no foreclosure during the modification review," and (5) "deceptive debt collection practices."  (Complaint at 2.)

Because the Court lacks subject matter jurisdiction, the case is REMANDED to state court.

**1.    SUBJECT MATTER JURISDICTION**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-628 AG (MLGx) | Date | May 9, 2012 |
|---|---|---|---|
| Title | LANCE LOWENBERG, et al. v. WACHOVIA MORTGAGE, et al. | | |

Wells Fargo claims that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because "[Plaintiffs'] State Court Action is based largely on the federal Home Affordable Modification Program." Under 28 U.S.C. § 1331, federal courts have original jurisdiction over civil actions "arising under federal law." Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Whether an action is properly in federal court on the basis of removal jurisdiction "depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997).

Under the "well-pleaded complaint rule, . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). A "federal issue" is not "a password opening federal courts to any state action embracing a point of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Here, Plaintiffs allege that "Defendants wrongfully rejected Plaintiffs' HAMP request . . . [because they] used incorrect figures for Plaintiffs' gross annual income." (Complaint ¶ 49.) But the mere existence of this issue does not confer jurisdiction under § 1331. *See Merrell Dow*, 478 U.S. at 813. Indeed, the fact that there is no private right of action under HAMP indicates that Congress did not intend to confer federal jurisdiction over state law claims based on HAMP violations. *See Garnett v. Aurora Loan Services, LLC*, 2012 WL 1440920, at *2 (C.D. Cal. Apr. 25, 2012); *see also Carlos v. Bank of Am. Home Loans*, 2011 U.S. Dist. 6211, at *3 (C.D. Cal. 13, 2011). In *Merrell Dow*, the Supreme Court stated that

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-628 AG (MLGx) | Date | May 9, 2012 |
|---|---|---|---|
| Title | LANCE LOWENBERG, et al. v. WACHOVIA MORTGAGE, et al. | | |

> the ultimate import [of the absence of a private right of action in a federal statute], as we have repeatedly emphasized, is that it would flout congressional intent to provide a federal remedy for the violation of the federal statute. We think it would similarly flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a "rebuttable presumption" or a "proximate cause" under state law, rather than a federal action under federal law.

*Merrell Dow*, 478 U.S. at 813.

In its Notice of Removal, Wells Fargo concedes that "a small minority of cases outside California do not following th[e] reasoning [that HAMP-related issues in state law claims give rise to federal subjection matter jurisdiction]." This statement is misleading by omission. In reality, numerous courts in *this Circuit* have held that "no federal question is presented simply because some of Plaintiffs' state law claims may incorporate or turn upon allegations of HAMP violations." *Garnett*, 2012 WL 1440920, at *2; *see e.g.*, *Sanany v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 8537, *3 (E.D. Cal. Jan. 24, 2012); *Preciado v. Ocwen Loan Servicing*, 2011 U.S. Dist. LEXIS 32279, *4 (C.D. Cal. Mar. 18, 2011); *Carlos*, 2011 U.S. Dist. LEXIS 6211, at *3 (C.D. Cal. Jan 13, 2011).

Because this case does not "aris[e] under" federal law, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1331.

**2.      TIMELINESS OF REMOVAL**

The Court also notes that Defendants' Notice of Removal was not timely filed. *See* 28 U.S.C. § 1446(b) (stating that a "notice of removal of a civil action or proceeding shall be

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-628 AG (MLGx) | Date | May 9, 2012 |
|---|---|---|---|
| Title | LANCE LOWENBERG, et al. v. WACHOVIA MORTGAGE, et al. | | |

filed within 30 days after" service of the complaint or summons). Defendants were served with the Summons and Complaint on March 23, 2012 and filed the Notice of Removal on April 23, 2012 – *thirty-one* days later.

**DISPOSITION**

The Court REMANDS this case to Orange County Superior Court due to the lack of subject matter jurisdiction.

                                                : 0

Initials of Preparer      lmb